IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIAM RUSSELL AIKEN,  )
et al.,                 )
                        )
    Plaintiffs,         )
                        )
VS.                     )   NO. 93-2023-TUA
                        )
CITY OF MEMPHIS, TENNESSEE, )
                        )
    Defendant.          )

ORDER ON DEFENDANT'S MOTION TO DISMISS

Plaintiffs, employees of the Memphis Police Services Division, filed this class action on January 7, 1993, alleging the City of Memphis had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay them overtime wages. On September 24, 1996, defendant moved to dismiss plaintiffs' claim stating that under the recent Supreme Court decision Seminole Tribe of Florida v. Florida, 116 S. Ct. 1114 (1996), it is immune from suit for damages in federal court. The City claims that the FLSA was passed pursuant to the Interstate Commerce Clause and, therefore, is ineffective to abrogate Tennessee's sovereign immunity. Further, the City claims that it shares Tennessee's sovereign immunity.

I. Applicable Law

As an initial matter, the Supreme Court has held that immunity from suits in federal court is a question of federal law. In Owen

This document entered on docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _____.

v. City of Independence, 445 U.S. 622, 647 n.30 (1980), the Court stated "[m]unicipal defenses -- including an assertion of sovereign immunity -- to a federal right of action are, of course, controlled by federal law." Id. (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 455-56 (1976); Hampton v. Chicago, 484 F.2d 602, 607 (7th Cir. 1973)); see also Howlett v. Rose, 496 U.S. 356, 376 (1990). Therefore, federal law, not the law of Tennessee, controls whether the City of Memphis has a defense of sovereign immunity.

II. Seminole Tribe

In reaction to the Supreme Court's decision in Chisholm v. Georgia, 2 U.S. 419 (1793) (holding that a citizen of one state could sue another state in federal court based on diversity jurisdiction), the Eleventh Amendment to the United States Constitution was enacted. The Eleventh Amendment protects states from being sued in federal court:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The passage of the Eleventh Amendment has been interpreted as intending to restore the original immunity the states were thought to have had before the Chisholm decision. Therefore, the sovereign immunity given by the amendment is broader than its literal words. Blatchford v. Native Village of Noatak, 501 U.S. 775, 779 (1991); Hans v. Louisiana, 134 U.S. 1 (1890) (holding that the Eleventh Amendment bars suits in federal court against states by its own citizens).

2

The states' protection from suit in federal court is not absolute. The first cases recognizing Congress' power to abrogate sovereign immunity involved statutes passed by Congress pursuant to the Due Process Clause of the Fourteenth Amendment. See, e.g., Fitzpatrick v. Bitzer, 427 U.S. 445 (1976). In 1989, the Supreme Court, by a plurality opinion, found that Congress also had this power for statutes passed pursuant to the Interstate Commerce Clause. Pennsylvania v. Union Gas Co., 491 U.S. 1 (1989). This year, in Seminole Tribe, 116 S. Ct. 1114, the Court had another opportunity to address this question.

Seminole Tribe involved a suit brought by a Native American tribe against the State of Florida under the Indian Gaming Regulatory Act. Congress had passed the Indian Gaming Regulatory Act pursuant to its authority under the Indian Commerce Clause and had explicitly provided a federal cause of action against the states. Id. at 1119. The Supreme Court refused to distinguish Union Gas, holding that no relevant difference between the Interstate and Indian Commerce Clause exists. Id. at 1126. Instead, the Supreme Court overruled Union Gas as an overextension of Congress' authority. Id. at 1125. Congress could abrogate states' sovereign immunity under the Fourteenth Amendment because it was intended to alter the balance of power between the federal and state governments. Id. However, the Interstate Commerce Clause does not provide such authority over the states, and Congress cannot use its authority under Article I to expand the scope of the judiciary's authority under Article III. Id. at 1131.

III. _Municipalities_

The Supreme Court decided as early as 1890 that the sovereign immunity of a state did not protect that state's counties and municipalities from suit. _Lincoln County v. Luning_, 133 U.S. 529, 530 (1890). The Court in _Lincoln_ denied a county's claim of sovereign immunity, stating that "it is a part of the State only in that remote sense in which any city, town, or other municipal corporation may be said to be a part of the state." _Id._ The Court reiterated this principle in _Mt. Healthy City Bd. of Ed. v. Doyle_, 429 U.S. 274, 280 (1977): "The Bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances . . . but does not extend to counties and similar municipal corporations." _Id._ (citations omitted).

Despite these precedents a footnote in a subsequent Supreme Court case raised the possibility that sovereign immunity may be available for certain municipalities: "Nor is there any basis for concluding that the Eleventh Amendment is a bar to municipal liability. . . . Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment Purposes." _Monell v. New York City Dep't of Soc. Serv._, 436 U.S. 658, 690 n.54 (1978) (citations omitted). However, in _Lake County Estates, Inc. v. Tahoe Regional Planning Agency_, 440 U.S. 391, 401 (1979), the Court returned to a blanket denial of sovereign immunity to all municipalities, "[b]ut the Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and

4

municipalities, even though such entities exercise a 'slice of state power.'" Id. (citations omitted). Additionally, the Sixth Circuit has interpreted these Supreme Court precedents as denying immunity to all municipalities. In Hall v. Medical College of Ohio at Toledo, 742 F.2d 299, 301 (6th Cir. 1984), the court held "[m]unicipalities, counties and other political subdivisions . . . do not partake of the state's Eleventh Amendment immunity."

Controlling precedent establishes that municipalities do not share in a state's sovereign immunity. Accordingly, the sovereign immunity of Tennessee does not prohibit suit against the City of Memphis in this court. This court need not decide if Congress can abrogate the sovereign immunity of Tennessee under the FLSA.

Therefore, defendant's Motion to Dismiss based on sovereign immunity is not well taken and is denied.

IT IS SO ORDERED this 22 day of October, 1996.

JEROME TURNER
UNITED STATES DISTRICT JUDGE